UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CIVIL ACTION NO. 13-182-JMH-JGW

CHRISTOPHER WISCHER, II                                  PETITIONER

V.

WESTERN DISTRICT                                         RESPONDENT

## REPORT AND RECOMMENDATION

On August 14, 2013, petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 was filed in the United States District Court for the Western District of Kentucky. Doc. 1. The motion was transferred to this Court on October 2, 2013. Doc. 7. The Court's preliminary review of the motion revealed that the petition was subject to dismissal because petitioner had at least one post-conviction motion pending in state court[1] and because petitioner named the wrong respondent. Instead of immediately recommending dismissal, however, the Court afforded petitioner an opportunity to show cause in writing why the petition should not be dismissed. Doc. 11. Having considered petitioner's show cause response, the Court recommends that the petition be dismissed

"A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies." *Schroeder v. Renico*, 156 F.Supp.2d 838, 843 (E.D.Mich. 2001). Accordingly, "[a] habeas petition should not be considered in federal court when a state appeal or post-conviction motion remains pending." *Mealer v. Bell*, 2010 WL 4788490, at *2 (M.D.Tenn.

---

[1]The pro se handwritten petition and show cause response are each difficult to read and understand fully.

1

Nov. 16, 2010).

The petition discusses post-conviction motions petitioner had previously filed in state court. Doc. 1, p. 4-6. Confusingly, however, in his show cause response petitioner asserts that he "didn't file [a post-conviction motion for relief pursuant to Kentucky Rule of Criminal Procedure] 11.42 until [he] received" the Court's October 15, 2013 show cause order. Doc. 12, p.1. Regardless, it is clear that petitioner has motion(s) for post-conviction relief pending in state court.

In addition, petitioner named the "Western District" as the respondent. As the Court explained in its show cause order, the proper respondent in a §2254 petition is "the state officer who has custody" of the petitioner. *See* Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody."). The "Western District" does not have custody of petitioner, and a petition which does not name the appropriate respondent is subject to dismissal. *See, e.g., Clemons v. Mendez*, 121 F.Supp.2d 1101, 1102 (E.D.Mich. 2000) ("In bringing this § 2254 action, Petitioner has named, as Respondent, the warden of the federal institution where he is presently incarcerated. A § 2254 petition must allege that the petitioner is in custody pursuant to a judgment of the state court in violation of the Constitution or laws or treaties of the United States and must name as the respondent, the appropriate state official. Because Petitioner has not named as a respondent, the appropriate state official, his § 2254 petition must be dismissed.") (footnote and quotation marks omitted). Petitioner does not address his failure to name the proper respondent in his show cause response.

For the foregoing reasons, **IT IS RECOMMENDED:**

The petition for habeas corpus pursuant to 28 U.S.C. §2254 [Doc. 1] should be **dismissed**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not specify the issues of contention is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 13th day of November, 2013.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge